# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| MARGARET L. THOMAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 3:10-CV-88 (CAR) |
| | : | |
| OFFICE OF PERSONNEL MANAGEMENT, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Currently before the Court is Plaintiff's "Response to Motion to Dismiss and Judgment by the Honorable Judge C. Ashley Royal, Judge United States District Court" [Doc. 7]. Through her motion, Plaintiff primarily requests that the Court vacate and reverse its prior order dismissing her complaint [Doc. 5]. As such, the Court construes this as a motion for reconsideration. Because Plaintiff has failed to establish any grounds for reconsideration, Plaintiff's Motion for Reconsideration is **DENIED**. The Plaintiff also requests that the Court recuse itself if it "cannot in a non bias way reverse/vacate and dismiss" its prior judgment. Assuming that the Plaintiff is making a motion to recuse, that motion is also **DENIED**.

"Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." <u>Ctr. for Biological Diversity v. Hamilton</u>, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). Plaintiff's motion demonstrates none of those. The motion points to no intervening change of law. Nor does it highlight any newly discovered evidence. Instead, Plaintiff merely recapitulates the allegations presented in her complaint dealing

with the alleged improper calculation of her annuity.  Nothing in the motion indicates that the Court erred when it concluded that the complaint must be dismissed because: 1) it sought money damages against an immune defendant, 2) it sought review of an OPM decision, which this Court lacks jurisdiction to conduct, and 3) to the degree Plaintiff intended to raise a complaint under 5 U.S.C. § 552a(g), it was brought against the wrong defendant.  Thus, Plaintiff has also failed to convince the Court that it committed clear error in its previous order or that reconsideration is necessary to prevent manifest injustice.  Accordingly, Plaintiff's Motion for Reconsideration is denied.

SO ORDERED this 3rd day of December, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw